UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA LEVIN,

      Plaintiff,

-against-

ROBERT BARONE,

      Defendant.

19-CV-7067 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 8 U.S.C. § 1183a(e), seeking to enforce a United States Citizenship and Immigration Services Affidavit of Support, Form I-864, against Defendant. By order dated September 4, 2013, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Federal law prohibits a citizen of the United States from sponsoring for admission to the country any non-citizen who "is likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4)(A). A person who sponsors a non-citizen spouse for admission must therefore execute a U.S. Citizenship and Immigration Services Affidavit of Support, Form I-864. 8 C.F.R. § 213a.2(a), (b). Such an Affidavit of Support is a contract "that is legally enforceable against the sponsor by the sponsored alien." 8 U.S.C. § 1183a(a)(1)(B); *see also* 8 U.S.C. § 1183a(e) (stating that either the United States of the sponsored alien may bring a suit to enforce an Affidavit of Support).

In 2010, Plaintiff Eva Levin, a citizen of Sweden, married Defendant Robert Barone, a United States citizen. As part of the process for obtaining legal immigration status for Plaintiff, Barone executed an Affidavit of Support, in which he agreed to support Plaintiff at an annual income that is not less than 125 percent of the federal poverty guidelines. *See* 8 U.S.C. § 1183a(a)(1)(A).

Plaintiff alleges that, in 2016 and again in 2019, her annual income fell below 125 percent of the federal poverty guidelines. She repeatedly asked Barone for financial support, which she asserts is required by the Affidavit of Support, but he "remains unresponsive to any requests [for] financial support." (ECF No. 2, at 5.) Plaintiff seeks enforcement of the Affidavit of Support.

## DISCUSSION

### A.  Res Judicata

In 2014, Plaintiff brought another action in this Court seeking to require that Barone comply with the Affidavit of Support. *See Levin v. Barone*, ECF 1:14-CV-0673, 2 (S.D.N.Y. Mar. 29, 2018), *aff'd*, No. 18-1307 (2d Cir. June 26, 2019) ("*Levin I*"). In that action, Judge

Nathan granted Barone's motion for summary judgment on the basis of *res judicata*. The doctrine of *res judicata*, also known as claim preclusion, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000). It applies in a later litigation "if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) involved the same parties or their privies, and (4) involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (citations omitted). In granting Barone's motion for summary judgment, Judge Nathan held that the New York Supreme Court's judgment of divorce, which ended Barone's obligation to financially support Plaintiff, was a prior judgment on the merits involving the same parties and the same cause of action, and was therefore barred by *res judicata*. *Levin I*, ECF 1:14-CV-0673, 7-8. The Second Circuit affirmed the Judge Nathan's holding. *Levin v. Barone*, No. 18-1307 (2d Cir. June 26, 2019).

Here, Plaintiff again seeks enforcement of the Affidavit of Support. Plaintiff's claims in this action are the same as those that she brought, and that were adjudicated by Judge Nathan, in *Levin I*. The Court therefore dismisses Plaintiff's claims for the reasons discussed in Judge Nathan's opinion in *Levin I*, ECF 1:14-CV-0673, 101. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.** **Frivolousness**

The Court also dismisses Plaintiff's claims as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Judge Nathan's opinion, affirmed by the Second Circuit, makes clear that the doctrine of *res judicata* prevents Plaintiff from enforcing the Affidavit of Support in federal court. Plaintiff's attempt to enforce the Affidavit in this action lacks an arguable basis in law and the Court therefore dismisses her claims as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new civil actions IFP in this Court unless she receives prior permission from the Court. *See* 28 U.S.C. § 1651.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1] Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new civil actions IFP in this Court unless she receives prior permission from the Court. *See* 28 U.S.C. § 1651.

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 30, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge